# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| DELWIN BERRY, | |
| Plaintiff, | CIVIL ACTION NO.: 5:16-cv-113 |
| v. | |
| HOMER BRYSON; WILLIAM DANFORTH; EDWINA JOHNSON; and AMMOS TAYLOR, | |
| Defendants. | |

## O R D E R

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1) For the reasons set forth below, the Court **DIRECTS** Plaintiff to submit, within **fourteen (14) days** of the date of this Order, an amended Complaint, and either the full filing fee of $400.00 **or** a proper Motion for Leave to Proceed *in Forma Pauperis*. Additionally, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 11), and **DISMISSES AS MOOT** Plaintiff's Motion to Compel Discovery, (doc. 12).[1]

## BACKGROUND

On October 25, 2016, Plaintiff filed his Complaint with the United States District Court for the Northern District of Georgia. (Doc. 1.) Along with his Complaint, Plaintiff submitted a blank Affidavit and Authorization for Withdrawal form. (Doc. 2.) The District Court for the Northern District of Georgia directed Plaintiff to pay the full filing fee or to submit an application to proceed *in forma pauperis*. (Doc. 3.) However, instead of doing so, Plaintiff filed

---

[1] Plaintiff's Motion to Compel Discovery is premature. The Court has yet to conduct frivolity review of Plaintiff's Complaint, and so it is uncertain which, if any, of Plaintiff's claims will survive this review in order to proceed with discovery.

a Motion to Amend and a Motion to Compel. (Docs. 4, 5.) Subsequently, the Northern District transferred Plaintiff's case to this Court. (Doc. 6.) At that time, the Clerk of Court notified Plaintiff that he failed to provide a filing fee or a proper Motion to Proceed *in Forma Pauperis*. (Doc. 9.) The Clerk directed Plaintiff to either pay the filing fee or file a Motion to Proceed *in forma pauperis* by January 12, 2017. (Id.) Furthermore, the deficiency notice warned Plaintiff that "[f]ailure to comply with this notice may result in dismissal by the Court." (Id.) Plaintiff again failed to file a Motion to Proceed *in Forma Pauperis* or pay the filing fee and instead filed a Supplemental Complaint, Motion to Appoint Counsel, and Motion to Compel Discovery. (Docs. 10, 11, 12.)

## DISCUSSION

### I. Application for *in Forma Pauperis*

Plaintiff's blank Affidavit and Authorization for Withdrawal form, (doc. 2), does not qualify as a proper Motion to Proceed *in Forma Pauperis*. If Plaintiff wishes to proceed *in forma pauperis* and avoid paying the full $400.00 filing fee for civil cases, Plaintiff will need to file a proper Application to Proceed in District Court Without Prepaying Fees or Costs form. In addition to the form, prisoner litigants must also submit a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the action. 28 U.S.C. § 1915(a)(2). At this time, the Court is unable to determine whether Plaintiff wishes to proceed *in forma pauperis*, and if he does, whether he is indigent and may proceed in this action without prepayment of fees, as provided in 28 U.S.C. § 1915.

To this end, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the application to proceed *in forma pauperis* form which asks prisoner-plaintiffs questions about their inmate trust accounts on page 2 of the application. The Court **DIRECTS** Plaintiff to submit, within **fourteen (14) days** of the date of this Order, either his application to

proceed *in forma pauperis* using this form or pay the full $400.00 filing fee. Failure to timely comply with this Court's directive may result in dismissal of his Complaint.

## II.     Deficient Complaint

Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A

3

plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff's Complaint was not submitted on the form complaint that prisoners are to use when filing 42 U.S.C. § 1983 causes of action in this Court. Further, the Court cannot determine whether Plaintiff states a viable claim given the current condition of Plaintiff's Complaint. Plaintiff's handwriting is illegible, and he includes a litany of seemingly unrelated claims and asserts that Defendants are responsible for all of them.

The Eleventh Circuit Court of Appeals has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear,

Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1295 n.9). Additionally, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such Complaint is filed. The Court **DIRECTS** the Clerk of Court to also provide Plaintiff with a blank 42 U.S.C. § 1983 form. The Court also **DIRECTS** Plaintiff to complete this form within **fourteen (14) days** of the date of this Order and to pay special attention to the questions this form asks.

The Court advises Plaintiff that his claims appear to be unrelated to each other, and this Court will not permit him to pursue unrelated claims in a single cause of action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). The amended complaint must include which claim or related claims (or, alternatively, which claims against which Defendants) Plaintiff wishes to pursue in this action. Plaintiff may submit a separate lawsuit for his other claims. After Plaintiff files an amended complaint, the Court will conduct the requisite frivolity review.

5

### III. Motion to Appoint Counsel

Plaintiff has also filed a Motion to Appoint Counsel to assist him with this case. (Doc. 11.) In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015);

Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** Plaintiff to submit his application to proceed *in forma pauperis* or pay the full $400.00 filing fee within **fourteen (14) days** of the date of this Order. The Court also **DIRECTS** Plaintiff to submit an amended Complaint within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a court Order. The Court further **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the application to proceed *in forma pauperis* and a blank copy of the 42 U.S.C. § 1983 form complaint the Court requires its prisoner litigants to use and complete. Additionally, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 11), and **DISMISSES AS MOOT** Plaintiff's Motion to Compel Discovery, (doc. 12).

**SO ORDERED**, this 27th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA